**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4993**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES PAUL ANDREW STILLWELL,

Defendant - Appellant.

**No. 04-5042**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH HESS,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of Virginia, at Abingdon.  Glen M. Williams, Senior District Judge.  (CR-04-10)

Submitted:  January 13, 2006          Decided:  March 7, 2006

Before WILKINS, Chief Judge, and WILLIAMS and SHEDD, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

Monroe Jamison, Abingdon, Virginia, for Appellant Joseph Hess; Sol Zalel Rosen, Washington, D.C., for Appellant James Stillwell. John L. Brownlee, United States Attorney, Randy Ramseyer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

After a jury trial, James Stillwell and Joseph Hess were both convicted of possession of a stolen firearm under 18 U.S.C. § 922(j) and possession of a firearm while being an unlawful user of a controlled substance in violation of 18 U.S.C. § 924(g)(3). In addition, Stillwell was convicted of conspiring to possess with intent to distribute 60 kilograms or more of marijuana in violation of 21 U.S.C. § 846, and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Hess was convicted of possessing a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one year in violation of 18 U.S.C. § 924(g)(1), and corruptly persuading another with intent to influence that person's testimony and communication to law enforcement in violation of 18 U.S.C. §§ 1512(b)(1), (3). Stillwell received a 144-month sentence, and Hess received a 135-month sentence.

On appeal, Stillwell and Hess each assert several grounds for the reversal of their convictions. Stillwell argues that: (1) there was insufficient evidence on all counts to convict, (2) the district court abused its discretion in denying his motion to sever, (3) the district court erred by admitting statements made by him at police headquarters contrary to Miranda v. Arizona, 384 U.S. 436 (1966), (4) the district court erred in a pretrial ruling based on Fed. R. Evid. 104(d), and (5) the district court abused its

3

discretion in giving a charge to the jury under Allen v. United States, 164 U.S. 492 (1896). Hess argues that: (1) there was insufficient evidence on all counts to convict, (2) the district court abused its discretion by refusing to allow him to mention his state acquittal on the same charges, (3) the district court abused its discretion by refusing to allow cross-examination of his nephew, Jonathan Hess, based on the timing of Jonathan's indictment for stolen firearms, (4) the district court erred in admitting co-defendant statements under Bruton v. United States, 391 U.S. 123 (1968), and (5) the district court erred in admitting evidence of witness tampering such that the charge was duplicitous. Our thorough review of the record discloses no reversible error. Accordingly, we affirm the convictions.

Hess further contends that he is entitled to resentencing based on the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). Because Hess did not preserve his objection below, our review is for plain error. See United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). In White, we recognized that a sentence that does not violate the Sixth Amendment may constitute plain error when it appears from the record that the district court would have imposed a lesser sentence if it had treated the guidelines as advisory. 405 F.3d at 223. While the district court imposed a sentence of 135 months under a mandatory guidelines scheme, it also provided an alternative sentence of 115 months

4

after treating the guidelines as advisory as suggested by <u>United States v. Hammoud</u>, 381 F.3d 316, 353-54 (4th Cir. 2004) (<u>en</u> <u>banc</u>), <u>vacated</u>, 543 U.S. 1097 (2005). Because this alternative sentence is substantially lower than the 135-month sentence imposed by the district court, the record provides a nonspeculative basis for concluding that the treatment of the guidelines as mandatory affected the district court's selection of the sentence imposed. <u>See</u> <u>White</u>, 405 F.3d at 223-25. Thus, we agree that Hess is entitled to resentencing consistent with <u>Booker</u>.

In sum, we affirm the convictions of both Stillwell and Hess. However, we vacate Hess's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

5